UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIE WATSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:15 CV 288 RWS |
| ) | |
| ST. LOUIS COUNTY POLICE, et al.,) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

Plaintiff Willie Watson has refiled claims in this case that he previously asserted before this Court in Watson v. State of Missouri, 4:13 CV 782 RWS. I dismissed the federal claims in that complaint based on frivolity and dismissed the remaining state law claims. Watson's present complaint is based on the same operative facts and adds additional defendants. The defendants who have been served have moved to dismiss the complaint. However, I will dismiss this case on an alternative ground, a lack of subject matter jurisdiction.[1]

Watson's 2005 Chevy Uplander was repossessed from his driveway on December 12, 2012.[2] Watson alleges that a man and a woman (the Doe

---

[1] Because Watson's complaint is difficult to discern, I have also taken judicial notice of the facts Watson alleged in his previous case before this Court based on the same incident, in Case No. 4:13 CV 782 RWS, to help comprehend Watson's allegations.

[2] Watson also variously asserts that the date was March 11, 2013. The police report Watson submitted to this Court indicates that the incident took place on March 11, 2013.

Defendants) backed a tow truck up to his vehicle and he told them not to take it. Watson said that he called the police and that when Officer Bob Morley arrived he did not stop the Doe Defendants from taking the vehicle away. Morley allegedly told Watson it was a civil matter and there was nothing he could do.

A second officer who responded to Watson's call, Officer Waltke, wrote a police report about the call. The report states that Watson called the St. Louis County Police Department to report that his vehicle had been stolen. According to the police report, Watson's vehicle was gone when the Officer Waltke got to Watson's house. The police report stated that after Officer Waltke returned to the police station he learned from the station's Records Room that the vehicle had been repossessed and not stolen. Officer Waltke called Watson and provided him with the repossession information.

Watson's complaint is a compilation of disjointed and rambling information. One of his apparent claims is that his vehicle was stolen and his insurance company did not pay him for the loss. Watson has named as defendants the St. Louis County Police Department, the Missouri Collector of Revenue, the USAA Garrison Insurance Company, the State of Missouri, the two people who repossessed his vehicle (John and Jane Doe), and HSBC Motor Credit. Watson asserts state claims against these defendants for breach of contract, conversion, breach of fiduciary duty,

2

fraud, and for a declaratory relief.

After carefully reviewing the complaint I conclude that it fails to state a ground for relief against any of the defendants. However, I will dismiss this case for a lack of subject matter jurisdiction. Federal courts are courts of limited jurisdiction. Myers v. Richland County, 429 F.3d 740, 745 (8th Cir. 2005). Diversity jurisdiction under 28 U.S.C. § 1332 requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007).

Although Watson does not explicitly state in his complaint the ground upon which this Court's jurisdiction is invoked, the only possible ground would be diversity jurisdiction jurisdiction. Watson has alleged only state law claims in his complaint. He has sued parties who are not diverse. Watson is a citizen of Missouri, so are defendants the St. Louis County Police Department, the State of Missouri, the Missouri Collector of Revenue, and, presumably, the two Doe Defendants who towed Watson's vehicle. As a result, this Court lacks subject matter jurisdiction to entertain any of the claims or asserted defenses in this case.

Accordingly,

3

**IT IS HEREBY ORDERED that** this case will be **DISMISSED** for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED that** all pending motions are **DENIED** as moot.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 18th day of June, 2015.